* * * * * * * * * * *
The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before the Deputy Commissioner and the briefs and argument before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence, receive further evidence or rehear the parties or their representatives. Accordingly, the Full Commission affirms, with some modifications, the Opinion and Award of the Deputy Commissioner.
 * * * * * * * * * * *
The Full Commission finds as fact and concludes as matters of law the following, which were entered into by the parties at the hearing before the Deputy Commissioner as:
 STIPULATIONS 1. The employee is Dale C. Moore. *Page 2 
2. The employer is Goodyear Tire Rubber Company, d/b/a Kelly Springfield Tire Company.
3. The carrier on the risk is Liberty Mutual Group.
4. At all relevant times, defendant-employer regularly employed three or more employees and was bound by the North Carolina Workers' Compensation Act. An employer-employee relationship existed between the employer and the employee on or about July 29, 2004, the date of the alleged injury by accident and/or occupational disease.
5. The parties stipulate to a Form 22, which is required to be furnished by defendants.
6. Employee was out of work from July 29, 2004 through October 4, 2004, and from March 7, 2005 through the present and continuing.
 * * * * * * * * * * * EXHIBITS
The following exhibits were admitted into evidence:
 (a) Stipulated Exhibit 1: Pre-Trial Agreement
 (b) Stipulated Exhibit 2: Industrial Commission Forms
 (c) Stipulated Exhibit 3: Wage Documentation
 (d) Stipulated Exhibit 4: Defendants' Discovery Responses
 (e) Stipulated Exhibit 5: Plaintiff's Discovery Responses
 (f) Stipulated Exhibit 6: Plaintiff's Employment File
 (g) Stipulated Exhibit 7: Plaintiff's Medical Records
 (h) Stipulated Exhibit 8: Plaintiff's Medical Expenses
 (i) Stipulated Exhibit 9: Social Security Disability Documents *Page 3 
 (j) Defendants' Exhibit 1: Disk Containing Photographs
 (k) Defendants' Exhibit 2: Second Disk Containing Photographs
 * * * * * * * * * * * ISSUES (a) Whether plaintiff's heart condition that resulted in him having a heart attack after helping his daughter move furniture on a day he was off work is a compensable occupational disease?
 (b) If so, to what benefits, if any, is plaintiff entitled?
 * * * * * * * * * * * EVIDENTIARY RULING
Prior to the hearing before the Full Commission, defendants filed a Motion to introduce into evidence the May 18, 2007, deposition of Dr. Darcey. Plaintiff subsequently objected. Having considered the positions of both parties, the Full Commission grants defendants' Motion and hereby admits the May 18, 2007, deposition of Dr. Darcey into the Record.
 * * * * * * * * * * *
Based upon the competent evidence of record herein, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was 59 years old. He attended Eastern Montana State University but did not graduate as he enlisted in the armed services during the Vietnam War.
2. Plaintiff began working for defendant-employer on June 12, 2000 as an inspector on the hook line. Thereafter he held several jobs, including area manager, working in the *Page 4 
shipping department, and force variation machine operator. In November 2003, plaintiff was moved to the position of Matuezzie grinding machine operator.
3. While at work on July 29, 2004, plaintiff felt a sharp pain in both of his shoulders, and both of his arms became numb. Plaintiff was transported by ambulance to Cape Fear Medical Center where it was determined that he did not suffer a heart attack but instead suffered manifestations/symptoms of his pre-existing coronary artery disease.
4. The following day, July 30, 2004, plaintiff presented to Dr. Steven Turner, an internist, who referred him to Dr. Virgil H. Wynia, a cardiologist. Dr. Wynia scheduled a stress test for plaintiff two weeks later. Plaintiff returned to work on July 30, 2004, and continued to work until August 14, 2004.
5. On August 15, 2004, prior to undergoing the stress test, plaintiff suffered a heart attack after helping his daughter move furniture. Plaintiff was off work on August 15, 2004.
6. On September 3, 2004, plaintiff underwent a heart catheterization by Dr. Wynia. While performing the catheterization, Dr. Wynia found a total occlusion of the right coronary artery with the appearance of a clot.
7. When plaintiff presented to Dr. Turner before his heart attack, he had an elevated cholesterol level of 242, with an LDL (harmful cholesterol) level of 156. During that visit, Dr. Turner also noted that plaintiff had several risk factors for heart disease, including long-standing cigarette smoking, an elevated cholesterol level, and at least some family history of cardiac problems.
8. Dr. Wynia testified that risk factors for heart attacks include high LDL cholesterol, hypertension or high blood pressure, cigarette smoking, diabetes mellitus, positive family history, obesity, lack of exercise, low HDL cholesterol, and high triglicerides. Dr. Wynia *Page 5 
further testified that plaintiff's cholesterol level, smoking history, and the fact that he was a male in his age group were all factors to take into consideration in treating plaintiff and in assessing plaintiff's risk for heart problems. Dr. Wynia also noted that plaintiff's family history showed some risk of heart problems.
9. Dr. Wynia opined that the clot in plaintiff's right coronary artery began with coronary artery disease, which is a gradual build up of cholesterol on the linings of the arteries. When the clot loosened, resulting in a heart attack, plaintiff was at home after helping his daughter move furniture.
10. In his deposition testimony, Dr. Wynia opined that plaintiff's work did contribute to his underlying heart condition; however, he never opined that it was a significant contributing factor. Dr. Wynia specifically testified that he was unable to tell scientifically to what extent plaintiff's work may have contributed to his heart condition.
11. Dr. Dennis Darcey, an occupational medicine specialist, reviewed plaintiff's medical records and concluded to a reasonable degree of medical certainty that plaintiff's employment with defendant-employer did not cause or significantly contribute to plaintiff's myocardial infarction.
12. Based upon Dr. Wynia's testimony as well as that of Dr. Darcey, the Full Commission finds that there is insufficient evidence to prove that plaintiff's work conditions, specifically the physical exertion required to perform his job and the high heat in which he worked were significant contributing factors to plaintiff's heart attack.
13. There is also insufficient evidence of record to prove by the greater weight that plaintiff's job subjected him to an increased risk of developing a heart attack as compared to the general public not so employed. *Page 6 
 * * * * * * * * * * *
Based upon the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. In order to establish an occupational disease under N.C. Gen. Stat. § 97-53(13), a claimant must show that the employment exposed him to a greater risk of contracting or developing the disease than the public generally. Rutledge v. Tultex Corp., 308 N.C. 85, 301 S.E.2d 359 (1983). In addition, the claimant must show that the employment significantly contributed to, or was a significant causal factor in, the disease's development. Hardin v. Motor Panels, Inc., 136 N.C. App. 351,524 S.E.2d 368 (2000) (citing Rutledge v. Tultex Corp., 308 N.C. 85,301 S.E.2d 359 (1983). In the present case, the expert medical testimony fails to establish that plaintiff's work conditions were significant contributing factors to his heart attack on August 15, 2004, or that plaintiff's job exposed him to an increased risk of developing a heart attack as compared to the general public not so employed.
2. Because plaintiff's heart condition is not a compensable occupational disease, he is not entitled to indemnity or medical compensation for this condition. N.C. Gen. Stat. §§ 97-2(6); 97-2(9).
 * * * * * * * * * * *
Based upon the foregoing stipulations, findings of fact, and conclusions of law, the Full Commission enters the following:
 O R D E R
1. Plaintiff's claim for compensation under the North Carolina Workers' Compensation Act must be, and the same is hereby, denied. *Page 7 
2. Each side shall pay its own costs.
This the ___ day of November 2007.
S/______________________ PAMELA T. YOUNG CHAIR
CONCURRING:
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
 S/______________________ DIANNE C. SELLERS COMMISSIONER